**416**

In the Matter of TRANSYSTEMS, INC., Bankrupt.

FRUEHAUF CORPORATION, Appellant-Cross Appellee,

v.

Phillip REVITZ, Trustee in Bankruptcy, Transystems, Inc., Bankrupt, Appellees-Cross Appellants.

No. 74-1569

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 29, 1974.

Paul Siegel, Paul A. Louis, Miami, Fla., for appellant-cross appellee.

Carl H. Hoffman, James B. Crew, Jr., Miami, Fla., for appellees-cross appellants.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

This case is before Court on the supposed merits, but the Court on its own motion has raised the question whether the order attacked has sufficient operational finality for the Court of Appeals to take cognizance of it.

The bankruptcy judge held that the funds advanced to the bankrupt were a capital contribution and did not constitute a bona fide loan (using federal income tax cases as a principal basis for his holding). On petition for review to the district court it held after hearing an extensive argument that, in determining whether money advanced to a bankrupt constitutes a loan or a contribution to capital, Florida state law must be applied. The case was then remanded to the referee for determination of whether the advance of $385,000 to the bankrupt was a loan or a capital contribution under Florida law.

Granted that interlocutory appeals may at times be appealable to the Court of Appeals (see J. Moore's Federal Practice, v. 9, ¶ 110.19[5]), the district court's order of remand lacks sufficient operational significance to constitute an appealable interlocutory order.

The appeal therefore is dismissed, but in any subsequent appeal taken after decision by the bankruptcy judge on remand and the order, if any, entered on petition for review by the district court, the parties may use without further reproduction all or any parts of the present record supplemented as may then be necessary.

Dismissed.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.